THE UNITED STATE DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Robert Evan Woodham,<br><br>                    Plaintiff,<br><br>vs.<br><br>Hireright LLC, Uber Technologies LLC, Amazon.com LLC, Richard E. Mrazik, Robert P. Faust, Park City, West Valley City, Salt Lake City, Glendale Arizona, Phoenix Arizona, and Joshua N. Mozell,<br><br>                    Defendants. | **MEMORANDUM DECISION & ORDER ALLOWING PLAINTIFF TO AMEND COMPLAINT**<br><br>Case No. 2:25-cv-0328<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is pro se Plaintiff Robert Woodham's complaint.[1] Mr. Woodham is proceeding in forma pauperis under 28 U.S.C. § 1915 (IFP Statute) while the court screens his complaint.[2] The court now screens Plaintiff's complaint and reviews the sufficiency of Mr. Woodham's pleading under the authority of the IFP Statute. Based upon the analysis set forth below, the court orders Mr. Woodham to file an amended complaint no later than August 8, 2025.

## BACKGROUND

Mr. Woodham's complaint names many Defendants—Hirelight, Uber Technologies, Amazon.com, Judge Richard Mrazik, Judge Robert Faust, West Valley City, Salt Lake City, Glendale Arizona, Phoenix Arizona, and Joshua Mozell. The nature of Plaintiff's allegations

---

[1] ECF No. 1.
[2] ECF No. 7, Order Temporarily Granting Motion to Proceed IFP.

varies against these Defendants. However, there is a common theme arising from Plaintiff's employment, and subsequent termination, with Uber and Amazon. Allegedly there were reporting problems in Plaintiff's background that led to an "incorrect background check" to Plaintiff's employer Uber. This arose from driving on a suspended license. Mr. Woodham was then wrongfully terminated, which placed "heavy pressure on hours with Amazon Flex."[3] This led to a decrease in performance and termination from Amazon. Mr. Woodham also alleges violations of the American with Disabilities Act by being forced to wear a mask for Uber and Amazon. This arose during the Coronavirus pandemic.

West Valley City is alleged to have engaged in a "invalid prosecution and wrongful license suspension" of Plaintiff.[4] This in turn, led to the unlawful suspension of Plaintiff's driver's license. Tangentially related to this claim are assertions against Judge Faust and Joshua Mozell, who are located in Arizona. These Defendants interfered with a protective order Plaintiff sought against his father and mother. The denial of the protective order contributed to the unfortunate events and eventual termination of Plaintiff's employment.

The claims against Salt Lake City center on the alleged unlawful impoundment of Mr. Woodham's rental car. While driving on a suspended license an officer stopped Plaintiff and then impounded his rental car. This prevented Plaintiff from working for several days. Salt Lake City is also accused of malicious prosecution against Mr. Woodham for driving on a suspended license.[5]

---

[3] Complaint at 3.
[4] *Id*. at 14.
[5] *Id.* at 18-19.

Plaintiff's claims against Park City, Utah arise from the alleged "use of officer perjury to obtain a conviction for a traffic infraction when plaintiff was coming off a hill."[6] Mr. Woodham states the court of appeals dismissed an appeal from this matter.[7] Defendant Judge Mrazik allegedly suppressed defense exhibits that were exculpatory in nature during the prosecution of this traffic infraction.

Next, Mr. Woodham complains of Judge Faust's involvement in Plaintiff's 2020 protective order and petition against his father.[8] This led to stress and problems with Plaintiff seeking a protective order.

Finally, Defendant Joshua Mozell allegedly utilized his position on the Arizona state bar to "improperly influence the Arizona judiciary into sweeping aside plaintiff's protective order against his father."[9] Defendant Phoenix, Arizona and Glendale, Arizona contributed to Plaintiff's legal problems in Arizona and the failure to obtain a protective order.

## **LEGAL STANDARDS**

To review Mr. Woodham's complaint under the authority of the IFP Statute, the court considers three legal standards. First, the court considers the standard under Fed. R. Civ. P. 12(b)(1) regarding lack of subject-matter jurisdiction.[10] Second, the court considers the standard under Fed. R. Civ. P. 12(b)(6) regarding the failure to state a claim on which relief can be

---

[6] *Id.* at 21.
[7] *Id.* at 24.
[8] *Id.* at 28.
[9] *Id.* at 31.
[10] Fed. R. Civ. P. 12(b)(1).

granted.[11] Third, the court considers the legal standards relating to frivolous claims.[12] Each is addressed below.

## ANALYSIS

**1.      Federal Jurisdiction**

Federal courts are courts of limited subject-matter jurisdiction.[13] The party invoking federal jurisdiction bears the burden of establishing such jurisdiction.[14] To do so, the plaintiff "must allege in [his] pleading the facts essential to show jurisdiction, and must support [those facts] by competent proof."[15] When it appears that a federal court lacks jurisdiction over the subject matter, the court must dismiss the action under Federal Rule of Civil Procedure 12(b)(1).[16] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage of the litigation.[17]

Mr. Woodham's complaint consists of allegations which relate to state court proceedings in Utah and in Arizona. For example, Plaintiff alleges unlawful prosecutions, interference with a

---

[11] Fed. R. Civ. P. 12(b)(6).
[12] 28 U.S.C. § 1915.

[13] *Gad v. Kan. State Univ.,* 787 F.3d 1032, 1035 (10th Cir. 2015).

[14] *Radil v. Sanborn W. Camps, Inc.,* 384 F.3d 1220, 1224 (10th Cir. 2004).

[15] *U.S. ex rel. Precision Co. v. Koch Indus.,* 971 F.2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citation omitted).

[16] *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); Fed. R .Civ. P. 12(b)(1).

[17] *Id.* at 501.

desired protective order in Arizona, and complains of traffic convictions. It also appears that in at least one matter, Plaintiff filed an appeal and that appeal was dismissed.

This court lacks jurisdiction over claims related to state court cases under the *Rooker-Feldman* doctrine (if a judgment has been entered) or the *Younger* abstention doctrine (if the cases are ongoing). Under the Rooker-Feldman doctrine, "federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments."[18] Thus, "[t]he losing party in a state court proceeding is generally barred from seeking what in substance would be appellate review of the state [] judgment in a United States district court."[19] Accordingly, the court lacks jurisdiction over Plaintiff's claims to the extent he seeks to challenge state court proceedings. This includes any alleged issues with obtaining a protective order in Arizona. The state appellate process is the proper forum for Mr. Woodham to raise procedural or constitutional challenges to the state-court proceedings and to request review of any judgments or orders in those proceedings.

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[20]

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which

---

[18] Bisbee v. McCarty, 3 F. App'x 819, 822 (10th Cir. 2001) (unpublished) (citing Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1982); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16 (1923)).
[19] *Id.*
[20] *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation omitted).

traditionally look to state law for their resolution or implicate separately articulated state policies.[21]

State criminal proceedings involve state law and important state interests,[22] and state trial and appellate courts provide an adequate forum for Plaintiff's claims. To the extent that Mr. Woodham seeks to challenge any ongoing state criminal proceedings, the court must abstain from exercising jurisdiction over those proceedings. The same reasoning applies for any ongoing civil proceeding too. Thus, whether the state court proceedings Plaintiff seeks to challenge are ongoing or completed, this court lack jurisdiction over any challenge to those proceedings.

**2.      Failure to State a Claim**

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[23] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[24] Under that standard, the court "look[s] for plausibility in th[e] complaint."[25] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether

---

[21] *Id.* (internal quotation marks omitted).
[22] The Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44–45).
[23] 28 U.S.C. § 1915(e)(2)(B)(ii).
[24] Fed. R. Civ. P. 12(b)(6).
[25] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007).

a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[26]

Additionally, Federal Rule of Civil Procedure 8 is incorporated in the court's Rule 12(b)(6) analysis.[27] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[28] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[29] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[30] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the claims against him.[31] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[32]

---

[26] *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[27] *U.S. ex. rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010); Fed. R. Civ. P. 8.

[28] Fed. R. Civ. P. 8(a)(2).

[29] *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 555, 557) (alteration in original).

[30] *Id.*

[31] *Twombly,* 550 U.S. at 555.

[32] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n. of Kan.,* 891 F.2d 1471, 1480 (10th Cir. 1989).

In analyzing Mr. Woodham's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[33] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[34] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[35] Indeed, the Tenth Circuit Court of Appeals noted,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[36]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend."[37]

Here, Plaintiff's complaint fails to meet the requirements set forth above and should be dismissed. The complaint offers little more than "an unadorned, the-defendant-unlawfully-

---

[33] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991); *see e.g., Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[34] *Id.* at 1110 (citation omitted).

[35] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[36] *Bellmon,* 935 F.2d at 1110 (citations omitted).

[37] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

harmed-me accusation."[38] Although "detailed factual allegations" are not required, there must be more than the "labels and conclusions" offered here.[39] For example, there is not enough detail concerning what Amazon or Joshua Mozell did that violates the law in a manner warranting the exorbitant damages sought by Plaintiff.

**3.      Frivolousness**

The IFP Statute also permits the court to dismiss a plaintiff's complaint if its allegations are frivolous.[40] As to frivolousness under the IFP Statute, the United States Supreme Court has stated that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP Statute]'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[41] In fact, the Court said that the IFP Statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios . . . .[42]

Here, Plaintiff's Complaint makes illogical leaps from one unfortunate event to another creating a fanciful narrative that lacks an arguable basis in law or fact. The

---

[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, (2009) (citing *Bell Atlantic Corp. et al. v. Twombly et al.* 550 U.S. 544, 555, 127 S.Ct. 1955, 1955, 167 L.Ed.2d 929 (2007)).
[39] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955.
[40] 28 U.S.C. § 1915(e)(2)(B)(i) (providing that under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous").
[41] *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).
[42] *Id.* at 327-28.

term "frivolous" also includes complaints containing "claims of infringement of a legal interest which clearly does not exist."[43] A review of Mr. Woodham's Complaint leads the court to find it falls within the categories of frivolousness and therefore should be dismissed under the IFP statute.

**4.   The Court Permits Mr. Woodham to Amend His Complaint.**

Based upon the foregoing analysis, this court lacks subject-matter jurisdiction over Mr. Woodham's claims, Mr. Woodham has failed to state a claim, and his existing factual allegations appear frivolous. Dismissal, however, is proper only "if it is obvious that [he] cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[44] Mr. Woodham's complaint and factual allegations come very close to the line of futile amendment. But the court affords Mr. Woodham an opportunity to amend his complaint.

## CONCLUSION AND ORDER

The court ORDERS as follows:

1. The Motion to Proceed *in forma pauperis* is temporarily granted.

2. Plaintiff is ordered to file an amended complaint by August 8, 2025. The words "Amended Complaint" should appear in the caption of the documents.

3. Once filed, the court will screen the proposed amended complaint under 28 U.S.C. §1915 and DUCivR 3-2(b).

4. Plaintiff's failure to file an amended complaint may result in dismissal of this action.

---

[43] *Neitzke,* 490 U.S. at 327.

[44] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

IT IS SO ORDERED

DATED this 7 July 2025.

_____
Dustin B. Pead
United States Magistrate Judge